IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *GUY THOMPSON and NANCY THOMPSON, d/b/a STEAM HEAT CARPET JANITORIAL CLEANING*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:19-cv-02037-CAS |
| vs. | ) ) | |
| *SINCLAIR COMMUNICATIONS, LLC*, | ) ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW Defendant Sinclair Communications, LLC ("Sinclair")[1] and states as its answer to Plaintiffs' Second Amended Petition (the "Complaint") (Doc. 8):

1. Sinclair admits that Plaintiffs were the owners and operators of Steam Heat Carpet and Janitorial Cleaning, a/k/a Steam Heat. Sinclair further admits that Steam Heat is and has been in the business of providing janitorial services in the St. Louis area. Sinclair is without sufficient information or knowledge to respond to the allegations (a) that Steam Heat is not and never has been incorporated, and (b) that Guy Thompson and Nancy Thompson are and always have been the owners of Steam Heat.

2. Sinclair admits that it is the owner/operator of the business commonly known as KDNL, a television station with its headquarters in St. Louis, Missouri. Sinclair admits that the television station operates at 1215 Cole Street, St. Louis, Missouri, 63106. Sinclair admits that it does business as KDNL. Sinclair admits that it paid Plaintiffs all amounts owed. Sinclair states

---

[1] The remaining defendants are not answering the Complaint because they were dismissed when the case was in state court. (Doc. 1-1, p. 123 of 130.)

that whether it "reaped the benefit of the contract" is a legal conclusion to which no substantive response is required; if one is required, Sinclair denies the allegations.

3. Sinclair states that the existence of a contract and the question of consideration are a legal conclusions to which no substantive response is required. Sinclair lacks sufficient information or knowledge at this time to definitively determine if the purported contract (Exhibit A, Doc. 1-1, p. 33 of 130) is an authentic contract; therefore, Sinclair denies the remaining allegations in Paragraph 3.

4. Sinclair denies the allegations in Paragraph 4.

5. Sinclair denies the allegations in Paragraph 5, and further states that the allegation is nonsensical — this case is a breach-of-contract claim, not a tort claim.

6. Sinclair admits that KDNL terminated its relationship with Plaintiffs, but that the termination occurred on or about September 10, 2018. Sinclair admits that the keys supplied to the Plaintiffs were no longer operable and had been discontinued. Sinclair denies that it kept Plaintiffs' cleaning supplies valued at $300.00.

7. Sinclair denies the allegations in Paragraph 7, and further incorporates its contemporaneously filed motion to dismiss based on the relevant statute of limitations.

8. Sinclair denies the allegations in Paragraph 8.

9. Sinclair denies the allegations in Paragraph 9.

Further answering, Sinclair expressly denies any allegation not specifically admitted above.

## Affirmative Defenses

The following defenses are asserted without assuming any burdens that Plaintiffs would otherwise bear. Further, to the extent the following defenses are inconsistent, Sinclair asserts them in the alternative to each other.

A. The Complaint fails to state a claim upon which relief can be granted.

B. Plaintiffs' claim is barred by Plaintiffs' own material breach of contract and failure to perform conditions precedent to Sinclair's performance, in that Plaintiffs failed to provide quality janitorial services.

C. The parties mutually agreed to modify the express contract alleged by Plaintiffs (or, in the alternative, rescinded and re-entered a contract for services) when KDNL downsized its office space and thereby needed a lesser scope of cleaning services — that modified contract controls this case, and Sinclair has satisfied all material obligations thereunder.

D. The relevant statute of limitations bars all damages claimed that were due and payable more than 10 years before Plaintiffs filed this lawsuit on November 19, 2018. Mo. Rev. Stat. § 516.110.1. Should the Court determine that an unwritten contract governs this action, the statute of limitations is only five years. Mo. Rev. Stat. § 516.120.1.

E. Plaintiffs have waived their right to receive the full $3,600.00 per month because, since at least October 29, 2009, Plaintiffs were invoicing — and Sinclair was paying — only $2,300.00 per month (plus variable costs for certain supplies) for Plaintiffs' janitorial services. Plaintiffs' conduct is so manifestly inconsistent with enforcement of the written contract that it is indicative of Plaintiffs' intent to renounce a right to receive $3,600.00 per month; no other reasonable explanation of the conduct is possible. *Blue Ridge Bank and Trust Co. v. Trosen*, 221 S.W.3d 451 (Mo. App. W.D. 2007).

F. Plaintiffs abandoned the written contract by their invoicing practices described above. Thus, it is clear, unequivocal, and decisive that they intended to abandon the benefit of $3,600.00 per month. *McBee v. Gustaaf Vandecnocke Revocable Trust*, 986 S.W.2d 170 (Mo. 1999); *Miran Inv. Co. v. Medical West Bldg. Corp.*, 414 S.W.2d 297 (Mo. 1967).

G. The written contract was mutually rescinded by the parties when, because KDNL's janitorial needs were reduced by downsized office space, they agreed to rescind the written contract and enter a new contract for services. *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421 (Mo. 2003); *Hellmann v. Sparks*, 500 S.W.3d 252 (Mo. Ct. App. 2015).

H. Plaintiffs are estopped from recovering the claimed damages because their invoicing practices were inconsistent with the claim afterwards asserted and sued upon; Sinclair relied on Plaintiffs' invoicing in paying the requested amount; and Sinclair would be injured as a result of allowing Plaintiffs to repudiate their prior actions. *Ditto, Incorporated v. Davids*, 457 S.W.3d 1 (Mo. App. W.D. 2014); *JEP Enterprises, Inc. v. Wehrenberg, Inc.*, 42 S.W.3d 773 (Mo. App. E.D. 2001).

I. The Parties entered into an accord and satisfaction to resolve prior payments due and, thus, this action for breach of the original contract is barred. In particular, Sinclair's prior payments were tendered as full payment of each respective invoice to date, and that full payment was clearly apparent to the Plaintiffs. *Clark v. Kinsey*, 488 S.W.3d 750 (Mo. App. E.D. 2016); *City of Cape Girardeau ex rel. Kluesner Concreters v. Jokerst, Inc.*, 402 S.W.3d 115 (Mo. App. E.D. 2013).

J. Plaintiffs are estopped or barred from asserting the existence of a contract — and/or are estopped or barred from asserting that Sinclair failed to properly terminate the contract — because, KDNL's Business Manager, Jeff Rose, told Guy Thompson that if the cleaning service did not improve in the following thirty days, KDNL would terminate Steam Heat's services and look for another cleaning service. Mr. Thompson told Mr. Rose that the parties had a contract. Mr. Rose said that KDNL was unaware of any such contract and asked Mr. Thompson to

11878115.4

provide it, which he did not do. Moreover, Plaintiffs never demanded that Mr. Rose terminate the contract in writing.

K.      Sinclair reserves the right to supplement these affirmative defenses as investigation continues.

WHEREFORE, having fully answered the Complaint, Sinclair Communications, LLC respectfully requests that this Court dismiss the Complaint in its entirety or, in the alternative, grant judgment in its favor, and taxing all fees and costs against Plaintiffs. Sinclair also requests any other remedy deemed just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:      */s/ Nicholas P. Van Deven*
Nicholas P. Van Deven, #53034MO
Zachary S. Merkle, #68258MO
600 Washington Ave. – 15th Floor
St. Louis, MO 63101-1880
314-231-3332
314-241-7604 (Fax)
nvandeven@sandbergphoenix.com
zmerkle@sandbergphoenix.com

***Attorneys for Defendant Sinclair Communications, LLC***

## CERTIFICATE OF SERVICE

I certify that on the 26th day of July 2019, a copy of this document was filed and thereby served on all counsel of record via the Court's electronic filing system.

*/s/ Nicholas P. Van Deven*

11878115.4